**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

JOSE PRADO,

Plaintiff,

vs.

AZTECA FOOD SERVICES, INC.,
a Florida Profit Corporation, d/b/a
EL PASO #2

Defendants.
______________________________/

**COMPLAINT**

Plaintiff JOSE PRADO (hereinafter "Plaintiff"), through the undersigned counsel, hereby files this complaint and sues AZTECA FOOD SERVICES, INC. d/b/a EL PASO #2 ("EL PASO #2") (hereinafter, collectively referred to as "Defendant"), for declaratory and injunctive relief; for discrimination based on disability; and for the resultant attorney's fees, expenses, and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT OF 1990," or "ADA") and alleges:

**JURISDICTION**

1. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §343 for Plaintiff's claims arising under Title 42 U.S.C. §12181 et. seq., based on Defendant's violations of Title III of the Americans with Disabilities Act of 1990, (hereinafter referred to as the "ADA"). See also 28 U.S.C. §2201 and §2202.

**VENUE**

2. The venue of all events giving rise to this lawsuit is located in Broward

County, Florida. Pursuant to 28 U.S.C. §1391(B) and rule 3.1 of Local Rules of the United States District Court for the Southern District of Florida, this is the designated court for this suit.

**PARTIES**

3. Plaintiff, JOSE PRADO, is a resident of the State of Florida. At the time of Plaintiff's visit to EL PASO #2, Plaintiff suffered from a "qualified disability" under the ADA, and required the use of a wheelchair for mobility. The Plaintiff personally visited EL PASO #2, but was denied full and equal access, and full and equal enjoyment of the facilities, services, goods, and amenities within EL PASO #2, which is the subject of this lawsuit.

4. Defendant, EL PASO #2 is authorized to conduct business and is in fact conducting business within the State of Florida. Upon information and belief, EL PASO #2 is the lessee and/or operator of the Real Property (hereinafter "Subject Facility") and therefore held accountable of the violations of the ADA in the Subject Facility which is the matter of this suit. The Subject Facility is located at 1800 N. FEDERAL HIGHWAY, HOLLYWOOD, FLORIDA. Upon information and belief, EL PASO #2 is also the owner and lessor of the Real Property where the Subject Facility is located.

**CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

5. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 4 of this complaint, as are further explained herein.

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendants had ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

7. As stated in 42 U.S.C. §12101(a) (1)-(3), (5) and (9), Congress found, among other things, that:

i. some 43,000,000 Americans have one or more physical or mental disability, and this number shall increase as the population continues to grow and age;

ii. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

iii. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

iv. individuals with disabilities continually suffer forms of discrimination, including: outright intentional exclusion; the discriminatory effects of architectural, transportation, and communication barriers; failure to make modifications to existing facilities and practices; exclusionary qualification standards and criteria; segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

v. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which this country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

8. As stated in 42 U.S.C. §12101(b)(1)(2) and (4), Congress explicitly stated that the purpose of the ADA was to:

i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by

people with disabilities.

9. Pursuant to 42 U.S.C. §12181(7), and 28 CFR §36.104, Title III, no individual may be discriminated against on the basis of disability with regards to the full and equal enjoyment of the goods, services, facilities, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. EL PASO #2 is a place of public accommodation by the fact it is an establishment that provides food/beverage/services to the general public, and therefore, must comply with the ADA.

10. The Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at EL PASO #2 located at 1800 N. FEDERAL HIGHWAY, HOLLYWOOD, FLORIDA, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq.; and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

11. Plaintiff has visited the Subject Facility, and has been denied full, safe, and equal access to the facility and therefore suffered an injury in fact.

12. Plaintiff would like to return and enjoy the goods and/or services at the Subject Facility on a spontaneous but full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide people with disabilities with full and equal access to their facility. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers, which are in violation of the ADA.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. The ADA Accessibility

guidelines (hereinafter referred to as “ADAAG”), 28 C.F.R. Part 36, may cause violators to obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

14. The Defendant is in violation of 42 U.S.C. §12181 et. seq., and 28 C.F.R. 36.302 et. seq., and is discriminating against the Plaintiff with the following specific violations:

a. Existing disabled parking space is non-compliant. 2010 ADAAG 208, 502
b. Disabled parking space does not adjoin an accessible route (access aisle missing). 2010 ADAAG 208, 502
c. Planters in way of entering facility from designated parking space. 2010 ADAAG 403.1
d. The facility does not provide compliant directional and informational signage. 2010 ADAAG 216.6
e. There is no signage addressing people with disabilities telling them that accessible services are provided 2010 ADAAG 216.3, 703.5
f. There is no designated accessible seating in outdoor dining area. ADAAG 226.1, 226.2
g. Directional signs to disabled restroom facilities are missing. 2010 ADAAG 703.4.2
h. Men’s restroom sign designating disabled restroom facilities is missing. 2010 ADAAG 703.4.
i. Men’s restroom interior layout lacks sufficient clear floor space to permit turns by persons using wheelchairs as per 2010 ADAAG 603.2.1
j. The Men’s restroom does not have the required front or side approach clearances to access fixtures. 2010 ADAAG 604.1
k. Men’s restroom trap and pipe protectors missing. 2010 ADAAG 606.5
l. Men’s restroom toilet is non-compliant. 2010 ADAAG 604.1
m. Men’s toilet paper dispenser is located outside the prescribed reach ranges set forth in 2010 ADAAG 308.1
n. Mirror is not mounted to specifications as per 2010 ADAAG 603.3
o. Men’s restroom paper towel dispenser is not mounted correctly. 2010 ADAAG 308.1

15. Upon information and belief there are other current violations of the ADA at EL PASO #2. Only upon full inspection can all violations be identified. Accordingly, a complete list of violations will require an on-site inspection by Plaintiff’s representatives pursuant to Rule 34b of the Federal Rules of Civil Procedure.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate

compliance with the provisions of the ADA.

17. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of this date the Defendant has failed to comply with this mandate.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

19. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against the Defendant and requests the following injunctive and declaratory relief:

20. That this Honorable Court declares that the Subject Facility owned, operated and/or controlled by the Defendant is in violation of the ADA;

21. That this Honorable Court enter an Order requiring Defendant to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

22. That this Honorable Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons

with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

23. That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

24. That this Honorable Court award such other and further relief as it deems necessary, just and proper.

Dated this 13th day of May, 2013.

Respectfully submitted by:
s/Ronald E. Stern

Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone: (954) 639-7016
Facsimile: (954) 639-7198
Attorney for Plaintiff JOSE PRADO

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

JOSE PRADO,

Plaintiff,

vs.

AZTECA FOOD SERVICES, INC.,
a Florida Profit Corporation, d/b/a
EL PASO #2

Defendants.
________________________________/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of May, 2013, I electronically filed the Complaint along with a Summons for each Defendant with the Clerk of Court using CM/ECF. I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Ronald E. Stern

Ronald E. Stern, Esq.
Florida Bar No.: 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone: (954) 639-7016
Facsimile: (954) 639-7198
Attorney for Plaintiff JOSE PRADO

**SERVICE LIST:**

JOSE PRADO vs. AZTECA FOOD SERVICES, INC., a Florida Profit Corporation, d/b/a EL PASO #2

**CASE NO:**

United States District Court, Southern District Of Florida

AZTECA FOOD SERVICES, INC., d/b/a EL PASO #2

**REGISTERED AGENT:**

REYES, CARLOS JESQ.
200 S.E. 26TH STREET
FORT LAUDERDALE, FL 33316

**VIA PROCESS SERVER**